IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:20cr146-MHT** |
| | ) | (WO) |
| **DEANDRE VARNEL GROSS** | ) | |

### ORDER

This cause is before the court on defendant Deandre Varnel Gross's motion to continue trial, which the court construes as included within his amended motion to extend deadlines (doc. no. 25). For the reasons set forth below, the court finds that jury selection and trial, now set for March 15, 2021, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within

> seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."    § 3161(h)(7)(A).    In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

2

interest of the public and defendant Gross in a speedy trial. The parties are in the midst of negotiating a plea agreement and need an additional 30 days to do so. Without a delay of the current trial date (and the related deadline to file notice of change of plea), Gross could be prejudiced by not having sufficient time to negotiate a satisfactory plea agreement. Additionally, even absent Gross's motion, the court would postpone the trial due to the danger currently posed by the pandemic to potential jurors, court staff, and the public. The ends of justice served by postponing the trial far outweigh the interest of the public and Gross in a speedy trial. The rate of COVID-19 infection is high in the district, and the ends of justice would not be served by bringing jurors, attorneys, and witnesses to the courthouse for jury selection and trial at this time. Furthermore, the government does not oppose Gross's motion.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Deandre Varnel Gross's motion to continue trial (doc. no. 25) is granted.

(2) The jury selection and trial, now set for March 15, 2021, are reset for June 7, 2021, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

(3) The motions to extend deadlines (Doc. 23, 25) are left pending for resolution by the magistrate judge.

The United States Magistrate Judge shall reset the deadline for filing a notice of change of plea and make any other changes to pretrial deadlines that are necessary as a result of this order.

DONE, this the 22nd day of February, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE