IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:20cr137-MHT |
| | ) | (WO) |
| D'LIVRO LEMAT BEAUCHAMP | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:20cr146-MHT |
| | ) | (WO) |
| DEANDRE VARNEL GROSS | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr374-MHT |
| | ) | (WO) |
| JOHN FITZGERALD JOHNSON, II, et al. | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr190-MHT |
| | ) | (WO) |
| MAURICE DAUGHTRY, et al. | ) | |

ORDER

It has come to the court's attention, through a defendant's objection to a presentence investigation report in her case, *see* United States v. Moorer, 2:21cr190-MHT, that the calculation of the converted drug weight of oxycodone in this case presents an

unresolved legal issue that could change the base offense level for some defendants in the above-captioned cases.  It would be most efficient and fair for the court to resolve this issue for all impacted defendants in the above cases at one time.  The court also would like to give all defendants, should they desire it, the opportunity to weigh in before the court makes its decision, and a chance to delay their sentencings until the court has had time to decide the issue.  This way all potentially impacted defendants will be treated the same and will have been given an opportunity to be heard before resolution of the issue.  But first, the court will summarize the disputed issue to assist counsel in deciding what action to take.

Based on the PSRs the court has reviewed, and the sentencing memo filed by the defendant in United States v. Moorer, 2:21cr190-MHT, it appears that much, if not all, of the medication at issue in the case consisted

of 30-milligram oxycodone hydrochloride pills. Moreover, it appears that the probation department has calculated the converted drug weight for multiple defendants by multiplying the number of pills dispensed by 30 milligrams, then converting that number.[1]

Relying on publicly available documentation from the FDA and the manufacturer, the objecting defendant notes that each 30-milligram oxycodone hydrochloride pill contains only 27 milligrams of oxycodone, and argues that the guidelines require the use of the *actual weight* of oxycodone in the pill when calculating drug weight, not the weight of oxycodone hydrochloride. *See* U.S. Sentencing Guidelines (hereafter "U.S.S.G."), §2D1.1(c), Note B ("Oxycodone (actual)" refer[s] to the weight of the controlled substance, itself, contained in the pill, capsule, or mixture."). *See also*

---

    1.  Having not yet reviewed all of the PSRs, the court is unaware whether some prescriptions were for pills of more or less than 30 milligrams. In any case, the same concern would apply to other dosages.

Amendment 657, U.S.S.G. (effective Nov. 1, 2003) (adding the quoted language to §2D1.1(c), Note B, and making other changes, in order to address proportionality concerns in sentencing for oxycodone offenses, given the varying amounts of oxycodone present in various medications).[2] Because the converted drug weight is sufficiently close to the threshold of a different base offense level, the objecting defendant calculates that using the proposed "actual oxycodone" method of calculation results in a two-level reduction in her base offense level.

The probation department disagrees. It relies on Guideline § 2D1.1., Application Note 6, titled

---

2. The defendant also objected to the probation officer's use of the term "oxycodone" as opposed to "oxycodone hydrochloride." The defendant based this argument on the her "PDMP" records, which reflect that each prescription attributed to the defendant was for Oxycodone HCL 30 milligram tablets. The probation officer argues that, because oxycodone is the active ingredient in oxycodone hydrochloride, there is no error in referring to the prescriptions as oxycodone in the PSR. The court has not yet resolved this objection.

"Analogues and Controlled Substances Not Referenced in this Guideline," which states: "Except as otherwise provided, any reference to a particular controlled substance in these guidelines includes all salts, isomers, all salts of isomers, and any analogue of that controlled substance."  Probation contends that the total weight of oxycodone hydrochloride should be counted because it is a salt of oxycodone.  The defendant argues, in short, that (a) this Note does not apply to oxycodone at all, as it is not an analogue and is referenced in the guideline; and (b), even if Note 6 does apply, the phrase "Except as otherwise provided" applies to oxycodone, because the guidelines specify that the "actual" amount of oxycodone must used to determine weight, and the added weight of the salt should not be counted.

The probation department further contends that § 2D1.1(c), Note B's reference to "the weight of the controlled substance, itself, contained in the pill,

5

capsule, or mixture" excludes from the calculation of weight only the fillers included in the oxycodone HCL pills.  Probation also relies on two decisions, *United States v Sutherland*, 2001 WL 1502913 (W.D. Va. Nov. 27, 2001) (Jones, J.), and *United States v. Soto*, 1 F.3d 920, 922–23 (9th Cir. 1993) (explaining that the federal sentencing guidelines do not differentiate between cocaine and its 'salt,' cocaine hydrochloride). The defense contends *Sutherland* is not applicable. Both cases were decided prior to Amendment 657.

Of course, if the court were to adopt the objecting defendant's argument and calculate the converted drug weight by reference to the amount of only oxycodone in the pills at issue, it would not necessarily change the offense level for all, or even most, defendants.  It will likely be those defendants whose converted drug weight places them somewhat close to the next lower base offense level who would benefit from such a ruling.

***

Accordingly, it is ORDERED that:

(1) The government is to file a brief on the above issue in each of the above cases by February 9, 2022.

(2) Any defendant who wishes to respond to the government's position may do so in said defendant's case by February 16, 2022.

(3) Any defendant who does not file a response to the government's brief shall, by February 16, 2022, file a notice indicating whether the above-discussed issue may change the offense level in said defendant's case. Those with earlier sentencing dates shall file a notice by 5:00 p.m. the business day before sentencing.

(4) Any defendant who wishes to have sentencing continued until the resolution of this issue must file a motion to continue by 9:00 a.m. two business days prior to the sentencing date.

DONE, this the 2nd day of February, 2022.

      /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE