**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:20cr146-MHT** |
| | ) | **(WO)** |
| **DEANDRE VARNEL GROSS** | ) | |

**OPINION**

Amendment 821 to the 2023 edition of the Sentencing Guidelines revised the guidelines applicable to the calculation of criminal history with respect to offenders who earned status points based on the commission of an offense while serving a criminal-justice sentence, and to the calculation of offense level for offenders who had zero criminal history points at the time of sentencing. Following the United States Sentencing Commission's decision to give retroactive effect to these changes, this court established an Amendment 821 Screening Panel, consisting of representatives of the court, the United States Attorney's Office, the United States Probation Office, the Federal Defenders, and the Clerk's Office,

to determine whether a defendant might be eligible for a reduction of sentence.  *See* 2:23-cm-4048-ECM.

Defendant Deandre Varnel Gross filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. 98), which the court construed as also containing a motion for sentence reduction pursuant 18 U.S.C. § 3582(c)(2) and Amendment 821 (*see* Doc. 98 at 25-26). The court referred the portion of the motion relating to Amendment 821 to the Amendment 821 Screening Panel for recommendation.  The court has now received the Panel's recommendation.

Upon consideration of the recommendation of the Amendment 821 Screening Panel, entered January 23, 2025, and after an independent and de novo review of the record, the court adopts the recommendation of the Panel and finds that defendant Deandre Varnel Gross is not eligible to receive a reduction in sentence pursuant to Amendment 821 because (a) he did not receive status points at sentencing and (b) he was not

a zero-point offender at sentencing. Under U.S. Sentencing Guidelines §1B1.10, which governs sentence reductions based on an amended guideline range, a sentence reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if" an amendment to the Guidelines does not apply to the defendant. U.S. Sentencing Guidelines §1B1.10(a)(2)(A) ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)") (2023 ed.).

An appropriate order will be entered.

DONE, this the 23rd day of January, 2025.

　　　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**