IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:20cr146-MHT** |
| | ) | **(WO)** |
| **DEANDRE VARNEL GROSS** | ) | |

**OPINION AND ORDER**

This case is before the court on defendant Deandre Varnel Gross's motion a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  In the motion, Gross argues that he should receive a sentence reduction due to the danger posed to him by being in a correctional facility due to his asthma, hypertension, and obesity and the spread of COVID-19.*  Because Gross has failed to show an extraordinary and compelling circumstance justifying release and because the 18 U.S.C. § 3553(a)

---

\* Gross also argues that he is entitled to a sentence reduction under Amendment 821 of the Sentencing Guidelines.  The court referred his request for relief under Amendment 821 to the court's Amendment 921 Panel for consideration.  The court has now denied that part of his motion by separate order.

factors do not support a sentence reduction, the court will deny the motion.

Gross is serving a total sentence of 65 months' imprisonment for his substantial involvement in a conspiracy to distribute oxycodone. According to the website of the Bureau of Prisons, Gross, who is 40, is currently designated to a reentry facility in Texas, and has a release date of May 28, 2025.

Gross seeks compassionate release under 18 U.S.C. § 3582(c)(1), which authorizes a court to modify a term of imprisonment in only limited circumstances. As relevant here, that provision states:

> "[T]he court, ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>    (i) extraordinary and compelling reasons warrant such a reduction; ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A).  By using the word "may," the statute vests courts with discretion to grant a reduction if the stated conditions are met; however, it requires that the exercise of that discretion be informed by consideration of the factors in 18 U.S.C. § 3553(a) to the extent they are relevant, in addition to the other requirements of the statute.

The "applicable policy statement" with which relief under § 3582(c)(1)(A) must be consistent is found in Guideline 1B1.13 of the United States Sentencing Guidelines.  *See* U.S. Sentencing Commission, 2024 Guidelines Manual (hereafter "U.S.S.G."), § 1B1.13. Guideline 1B1.13 mirrors § 3582(c)(1)(A) in that it provides that a court may reduce a term of imprisonment if the court determines that "[e]xtraordinary and compelling reasons warrant the reduction;" "the

3

defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a).

The policy statement also sets forth several categories of circumstances under which extraordinary and compelling reasons exist, including certain medical circumstances of the defendant. *See* U.S.S.G. § 1B1.13(b)(1). The first such circumstance includes when a defendant is suffering from a terminal illness, such as metastatic cancer. *See* § 1B1.13(b)(1)(A). A second circumstance is when a defendant is

> "(i) suffering from a serious physical or medical condition,
>
> "(ii) suffering from a serious functional or cognitive impairment, or
>
> "(iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

*See* § 1B1.13(b)(1)(B).  A third circumstance is when "the defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."  *See* § 1B1.13(b)(1)(C).  The final medical circumstance occurs when

> "(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> "(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> "(iii) such risk cannot be adequately mitigated in a timely manner."

*See* § 1B1.13(b)(1)(D).

While it is undisputed that Gross exhausted his administrative remedies, Gross has not proven that any of these medical circumstances apply to him.  He does

5

not have a terminal illness. He has not shown that his medical conditions of asthma, obesity, and hypertension are so serious that they substantially diminish his ability to provide self-care within a correctional facility. Gross has not shown that he has not been provided with care for his medical conditions, and that as a result he is at risk of serious deterioration or death. Finally, assuming, for purposes of analysis, that he is housed at a correctional facility at imminent risk of a COVID-19 outbreak and that he is at increased risk of suffering severe medical complications or death as a result of the outbreak, Gross has not shown that the risk to him cannot be adequately mitigated in a timely manner. Indeed, he was offered the COVID-19 vaccine by the Bureau of Prisons, which presumably would mitigate the risk to his health, but he declined to take it. *See* Medical Records (Doc. 98-2) at 51.

In addition, the court finds that the 18 U.S.C. § 3553(a) factors weigh against reducing his sentence,

6

and therefore declines to exercise its discretion to grant Gross a reduction. Section 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with" a list of various factors. 18 U.S.C. § 3553(a). These include "the need for the sentence imposed—"

> "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> "(B) to afford adequate deterrence to criminal conduct;
>
> "(C) to protect the public from further crimes of the defendant; and
>
> "(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

18 U.S.C. § 3553(a)(2). Additional factors for the court to consider in sentencing include "the nature and circumstances of the offense and the history and characteristics of the defendant," "the kinds of sentences available," and "the need to avoid unwarranted sentence disparities among defendants with

similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (3), and (6).

Applying these factors to the case at hand, the court finds that a sentence reduction would be inappropriate. The nature and circumstances of the offense call for significant punishment. Gross was heavily involved in distributing illegal oxycodone to the community, thereby feeding addiction. Moreover, he received a sentence that was significantly reduced from the applicable guidelines range, and any further reduction would create unwarranted disparities with defendants with similar records and would fail to reflect the seriousness of the offense.

***

Accordingly, it is ORDERED that defendant Deandre Varnel Gross's motion a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 98) is denied.

DONE, this the 23rd day of January, 2025.

                                       /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**